PENDLETON v. PENDLETON, appellant.

*Promissory note — consideration.*

Defendant brought action against plaintff to set aside a lease alleged to have been obtained by fraud. The action was settled by plaintiff executing a release upon the sole consideration that the action should be no further prosecuted, and the plaintiff herein should not be liable for costs. Afterward defendant gave her promissory note to plaintiff, the consideration being, as he claimed, the previous release. *Held,* that the release was not a valid consideration for such note.

APPEAL from a judgment for the plaintiff, entered at the Allegany circuit, with a stipulation that the bill of exceptions be argued as a case. The facts appear in the opinion.

*Rufus Scott,* for appellant.

*Angel & Jones,* for respondent.

TALCOTT, J. This is an action upon a promissory note for $200, dated January 17, 1870. The plaintiff, in August, 1869, procured the defendant to execute to him a life lease of certain real estate belonging to her. This lease, she alleged, was procured from her by the fraudulent practices of the plaintiff, and it purported to be upon the consideration of $1 in hand, and the agreement on the plaintiff to pay the future taxes which should be imposed upon the property. Soon after the date of the lease the defendant commenced an action in this court, in equity, to have the same declared void and set aside, and canceled upon the ground that the same had been obtained by fraud and imposition. Mr. Ward was the attorney in that action for Sarah Pendleton, and, at the December recess of congress in 1869, when Ward was temporarily at home from Washington, he settled the controversy, the now plaintiff releasing the life lease on the sole consideration that the suit should be no further prosecuted, and the now plaintiff should not be required to pay the costs thereof. This the plaintiff does not appear to controvert. After the suit had been settled, and the release duly executed and delivered, and, on the 17th of January, 1870, the plaintiff obtained this note from the defendant, and he testifies that the consideration of it was the release

of the life lease in question. The defendant testifies that he obtained the note from her by the false representation that Mr. Ward, her counsel, had sent the note to her to be signed, and had directed that she should sign it, and that she signed it solely on the faith of such representation. The case states that the plaintiff gave evidence "tending to controvert the allegations and proof of the defendant as to fraud in obtaining the note." And, it must be assumed, that the jury found that the plaintiff did not make the representations in question when he procured the note. The statement of Mr. Ward as to the time and terms of the settlement and delivery of the release are not controverted, and it appears from the statement of the plaintiff's own testimony, that the release of the life lease was executed long before the note was made. If the statement of the plaintiff, therefore, is true, there was no valid consideration for the note. After the release had been executed, and that controversy settled upon the terms stated, there was no legal or moral obligation on the part of the defendant to give any other or further consideration for the release. The previously executed release furnishes no such consideration, and the promissory note of the defendant was a mere *nudum pactum*, and cannot be enforced against her if she sees fit to repudiate it.

The practice adopted by the counsel in this case, of stipulating that the bill of exceptions may, on an appeal from the judgment, be heard at the general term, without, as we assume, going to the special term, in the first instance, must not be considered as a precedent, and is discountenanced. The counsel, however, having proceeded on the idea that this can be done, we overlook, in this instance, the irregularity, upon the ground that it seems to us that the plaintiff has had a verdict when in law he was not entitled to recover. It is possible that, upon a new trial, facts may be developed, which will show the note to have been executed upon some valid consideration. On the facts which appear to be undisputed in the case before us, the plaintiff was not entitled to recover.

Judgment reversed and new trial ordered, costs to abide the event.